UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON MICHAEL BICKNELL,

v.                              Case No. 8:23-cr-473-VMC-TGW
                                         8:25-cv-1874-VMC-TGW

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Aaron Michael Bicknell's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 60), which was filed on July 7, 2025. The United States of America responded on August 20, 2025. (Civ. Doc. # 3). Mr. Bicknell failed to file a reply. The United States filed a supplemental response. (Civ. Doc. # 5). The 2255 Motion is granted to the extent set forth below.

**I.   Background**

In April 2024, Mr. Bicknell pled guilty pursuant to a plea agreement to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Crim. Doc. ## 16, 38, 41, 42, 44). Because of a prior conviction for receipt of child pornography (Crim. Doc. # 50 at 8-9), Mr. Bicknell faced a mandatory minimum term of imprisonment of 15 years. (Crim.

1

Doc. # 38 at 1). The Court sentenced Mr. Bicknell to 15 years' imprisonment and a life term of supervised release, and ordered $20,000 in restitution. (Crim. Doc. ## 57-58). Judgment was entered on August 1, 2024. (Crim. Doc. # 58). Mr. Bicknell did not appeal.

Mr. Bicknell then filed his pro se 2255 Motion and memorandum in July 2025. (Civ. Doc. ## 1 & 1-1; Crim. Doc. ## 60 & 60-1). He asserts five grounds for relief and asserts that he has not presented these arguments before "due to Counsel's failures to raise them." (Id. at 10). Additionally, in his memorandum in support, Mr. Bicknell states that he "instructed his attorney to appeal, which was done in Case No. 8:14cr415-VMC-AEP, but not Case No. 8:23cr473-VMC-TGW." (Civ. Doc. # 1-1 at 7).

The United States has responded. (Civ. Doc. # 3). Mr. Bicknell failed to file a reply. At the Court's request, the United States filed a supplemental response. (Civ. Doc. # 5). The Motion is ripe for review.

## II.  Discussion

Mr. Bicknell argues, among other claims, that he "instructed his attorney to appeal, which was done in Case No. 8:14cr415-VMC-AEP, but not Case No. 8:23cr473-VMC-TGW," which is the criminal case from which this 2255 Motion arises.

2

(Civ. Doc. # 1-1 at 7). The Court construes this statement as an ineffective assistance of counsel claim based on counsel's alleged failure to file an appeal as instructed. "It has been this Court's experience that such a claim must be brought before the Court at considerable expense and inconvenience to the United States Marshals Service, as well as the United States Attorney's Office which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing." Cooper-Miller v. United States, No. 8:11-cr-553-VMC-AEP, 2014 WL 11412834, at *1 (M.D. Fla. May 5, 2014).

Additionally, Mr. Bicknell's waiver of appellate rights in his plea agreement likely does not preclude him from raising his ineffective assistance of counsel argument. See Id. ("[I]n light of the Eleventh Circuit's opinion in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the fact that the Defendant executed a written plea agreement containing a provision in which she waived her right to appeal and collaterally challenge her sentence in the underlying criminal case does not foreclose her from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.").

3

"In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the [Motion], but only to the extent that [Mr. Bicknell] will be afforded an out-of-time appeal pursued by appointed counsel." Id. "In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)." Id. As the Phillips court explained:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

Phillips, 225 F.3d at 1201. Indeed, the Eleventh Circuit "approves the granting of a motion to vacate without an evidentiary hearing if the district court follows Phillips." United States v. Bankston, No. 8:16-cr-232-SDM-CPT, 2018 WL 5279134, at *2 (M.D. Fla. Oct. 24, 2018). "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure."

United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016).

In no way should the Court's granting Mr. Bicknell's Motion be interpreted as a determination or suggestion that his former counsel was in any manner ineffective in the representation of Mr. Bicknell in the criminal proceedings. See Bankston, 2018 WL 5279134, at *2 ("Allowing a belated appeal yields to the need for judicial economy (given the present peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective."). Rather, the Court is granting Mr. Bicknell relief "only in the interest of judicial economy" to avoid an evidentiary hearing. Cooper-Miller, 2014 WL 11412834, at *1; see also United States v. Howard, No. 8:15-cr-211-MSS-TGW, 2017 WL 7371186, at *2 (M.D. Fla. June 22, 2017) (emphasizing "that this determination to grant a belated appeal in the underlying criminal case is only made in the interest of judicial economy").

Finally, the Court dismisses without prejudice Mr. Bicknell's other collateral claims raised in the instant 2255 Motion. See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (instructing district courts that grant a belated appeal in a Section 2255 proceeding to dismiss any

other collateral claims raised in the same motion without prejudice for purposes of judicial efficiency); United States v. Frank, 353 F. App'x 305, 307 (11th Cir. 2009) ("While prisoners may include collateral challenges in their [Section] 2255 motion requesting an out-of-time appeal, the 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'" (citing McIver, 307 F.3d at 1331 n.2)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Aaron Michael Bicknell's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 60) is **GRANTED,** but only to the extent that he may file a belated appeal in the related criminal case. His other collateral claims are **DISMISSED** without prejudice.

(2)   The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in a new judgment.

(3)  The Clerk is directed to enter judgment for Mr. Bicknell and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE